UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Case No. 3:10-CR-49(1) RLM |
| | ) | |
| DION DAVIS | ) | |

OPINION AND ORDER

Dion Davis filed a motion to compel asking the court to issue an order directing FCI Manchester (the Bureau of Prisons) to "hold in abeyance" any efforts to collect restitution under the Inmate Financial Responsibility Program during his incarceration. He contends that doing so violates the court's September 28, 2010 order on restitution. The court denies the motion.

The Bureau of Prison's efforts to collect restitution payments during Mr. Davis's incarceration doesn't violate the September 2010 order. That order stated that restitution was "due in full immediately" and set a minimum payment schedule after he was placed on supervision. The court didn't address payments during incarceration in that order, and wasn't required to. United States v. Sawyer, 521 F.3d 792, 795 (7th Cir. 2008).

"Payments until release [are] handled through the Inmate Financial Responsibility Program," which is administered by the Bureau of Prisons, not the court. United States v. Sawyer, 521 F.3d at 796. Participation in the Program is voluntary and can't be compelled; but if Mr. Davis chooses not to participate he must bear the consequences, including the lose of privileges identified in 28 C.F.R.

§ 545.11(d). United States v. Boyd, 608 F.3d 331, 334-35 (7th Cir. 2010); United States v. Lemoine, 546 F.3d 1042, 1047 (9th Cir. 2008). The choice is his, but nothing in the September 2010 order prohibits the Bureau of Prisons from developing a financial plan to assist Mr. Davis in meeting his financial obligation to pay restitution while he is incarcerated.

Accordingly, the motion to compel [Doc. No. 141] is DENIED.

SO ORDERED.

ENTERED:  December 8, 2017


/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: Dion Davis